UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN DeMURIA and : | |
| MICHAEL DeMURIA : | DOCKET NO. 3:00CV01591 (AHN) |
| : | |
| V. : | |
| : | |
| ALBERT F. HAWKES and : | MARCH 11, 2004 |
| JUDITH A. MARSHALL : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JUDITH MARSHALL'S
MOTION FOR SUMMARY JUDGMENT**

**I. Background**

This case arises out of a dispute between former neighbors. In 1998, the defendant, Judith Marshall (hereinafter "Marshall"), and her husband initiated a lawsuit against the plaintiffs, Susan and Michael DeMuria, due to an issue concerning run-off of surface water onto Marshall's property. Marshall and her husband successfully litigated that lawsuit and received monetary compensation . (See Ex. A, Affidavit of Judith Marshall, ¶ 4). By Complaint dated August 18, 2000, the DeMuria's instituted the present lawsuit, in which they allege that "[a]t

1

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\MEMO IN SUPPORT OF SUM JDGMT.DOC

about the same time" the 1998 lawsuit was initiated by Marshall and her husband, "Marshall initiated a pattern and practice of unlawful harassment" directed against them. (Compl. para. 8.)

In support of that claim, the plaintiffs allege that Marshall (1) advised them that she and her husband owned many firearms and might use them against the plaintiffs, (Compl., para. 9); (2) Marshall telephoned the Connecticut Water Company, represented that she was a member of plaintiffs' family, and requested that the plaintiffs' water be shut off, (Compl., para. 10); (3) Marshall mailed a card to plaintiffs' home, (Compl. para. 11); (4) Marshall made threatening and harassing phone calls to plaintiff, (Compl., para. 16); (5) Marshall instructed a trash removal company to discontinue service to the plaintiffs, (Compl., para. 20); and (6) Marshall, without authorization, place an order to have the plaintiffs yard excavated, (Compl., para. 21).

The plaintiffs also name Officer Albert Hawkes as a defendant in this lawsuit. Plaintiffs claim that Officer Hawkes and Marshall "acted jointly and in concert with each other." (Compl., para. 7). They further claim that Officer Hawkes "failed and refused to perform" his "duty" to "protect the plaintiffs from the unlawful actions of Marshall," (Compl., para. 7); promised to investigate but failed to do so, (Compl., para. 11); falsely advised the plaintiffs that he had no relationship with Marshall, (Compl., para. 13); provided the plaintiffs with incorrect information regarding how to go about getting a tapping device placed on their telephone, (Compl., para. 17);

2

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\MEMO IN SUPPORT OF SUM JDGMT.DOC

falsely promised that he would immediately arrest Marshall, (Compl., para. 24) and; intentionally omitted necessary information from the warrant application. (Compl., para. 26).

It is alleged that the conduct of Hawkes and Marshall served to deprive the plaintiffs of their Fourteenth Amendment right to equal protection of the laws and caused them to suffer emotional distress.[1]  Plaintiffs seek damages pursuant to Sections 1983 and 1988 of Title 42 of the United States Code.

## II. Standard

Rule 56(c) of the Federal Rules of Civil Procedure requires the entry of summary judgment where the moving party "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  F.R.C.P. 56(c).  A "material fact" is one whose resolution will affect the ultimate determination of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  In determining whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all inferences against the moving party.  *Id*. at 255.  However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Samuels v. Smith,* 839 F.Supp. 959, 962 (D.Conn. 1993).

3

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
telephone (203) 787-0275   facsimile (203) 782-0278

W:\18500-18999\18571 J. Marshall\001 Civil Rights HFK\Memo in support of sum jdgmt.doc

The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but … must set forth specific facts that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. Thus, when the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, the non-moving party is required to go beyond the pleadings by way of affidavits, depositions, and answers to interrogatories in order to demonstrate a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Equally important, the non-moving party must produce evidence to show the existence of every element essential to its claim which it bears the burden of proving at trial. *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987).

**III. Legal Analysis**

   A. <u>Marshall Is Entitled To Summary Judgment On The Plaintiffs' Equal Protection Claim Because Marshall Did Not Act Under Color of State Law And Plaintiffs Were Not Treated Differently Under the Law</u>

The plaintiffs are wholly unable to prove their claim that Marshall violated their right to equal protection of the laws and that they are entitled to damages as a result. Title 42 of the United States Code provides in pertinent part that:

---

[1] Plaintiffs' due process claim was dismissed by this Court on March 25, 2002, a ruling that was affirmed by the United States Court of Appeals for the Second Circuit on May 13, 2003.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

4

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\MEMO IN SUPPORT OF SUM JDGMT.DOC

> Every person who, under color of any statute . . . of any state . . . subjects or causes to be subjected any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution shall be liable to the party injured . . .

Title 42 U.S.C. § 1983.

Thus, there are three essential elements that the plaintiffs must prove to succeed on their Section 1983 claim. Plaintiffs must prove first that Marshall acted under color of state law. Second, the plaintiffs must prove that Marshall intentionally committed acts that deprived plaintiffs of a right secured by the Fourteenth Amendment to the United States Constitution. Third, the plaintiffs must prove that Marshall's conduct was the proximate cause of injuries suffered by the plaintiffs.

A section 1983 claim does not lie absent state action. As a private citizen, Marshall, alone, cannot act pursuant to "color of law." *Annunziato v. The Gan, Inc.*, 744 F. 2d 244, 250-51 (2d Cir. 1984). When a private citizen is a defendant in a section 1983 claim, "there must be a showing that the private party and [a] state actor jointly deprived plaintiff[s] of [their] civil rights." *Wagenmann v. Adams*, 829 F.2d 196, 209 (1st Cir. 1987). Aware of this indispensable element of a section 1983 claim, plaintiffs allege that Marshall "acted jointly and in concert" with Officer Hawkes. Plaintiffs' avoidance of the term "conspiracy" does not alleviate their

5

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\MEMO IN SUPPORT OF SUM JDGMT.DOC

need to prove that Marshall and Hawkes, in fact, conspired to deprive the plaintiffs of a constitutional right.  The law is clear in this circuit that, absent specific factual allegations and proof that the private parties were involved in a "conspiracy" or "concerted action" with a state actor, <u>and</u> that there was a meeting of the minds between the governmental and non-governmental actors concerning the wrongful conspiratorial purpose, the conduct of the private citizen is not "state action" and does not support a Section 1983 claim.  *Id*. at 250-51.   Plaintiffs have failed not only to make the specific allegations, but they are altogether lacking any proof of a conspiracy.

To defeat a summary judgment motion, the plaintiffs must offer evidence "sufficient to support the conclusion that the defendants directed themselves toward an unconstitutional action by virtue of a mutual understanding and provide facts that would establish a meeting of the minds." *White v. Walsh*, 649 F.2d 560, 561 (8th Cir. 1981).  Plaintiffs do not even allege, much less prove through evidence, that there was a "meeting of the minds" between Marshall and Hawkes to deprive the plaintiffs of a constitutional right.   Nor do they allege facts that would demonstrate a "preconceived plan" between the defendants to deprive the plaintiffs of their rights.  *DeJesus v. Sears, Roebuck and Co*., 87 F.3d 65 (2d Cir. 1996) *cert. denied*, 117 S. Ct. 509 (1996).  Instead, the plaintiffs make a nebulous and conclusory allegation that the defendants "acted jointly and in concert."  Even the most favorable interpretation of the plaintiffs'

Complaint reveals that plaintiffs have alleged only that Officer Hawkes had a friendship with Marshall that caused him to delay her arrest.[2] The plaintiffs do not allege that Marshall even knew about the alleged failures of Hawkes, such as his alleged promise to investigate but failure to do so, (Compl., para. 11); his false advice to the plaintiffs that he had no relationship with Marshall, (Compl., para. 13); his provision to the plaintiffs of incorrect information regarding how to go about getting a tapping device placed on their telephone, (Compl., para. 17); false promise that he would immediately arrest Marshall, (Compl., para. 24) and; his intentional omission of necessary information from the warrant application. (Compl., para. 26). In fact, Marshall had no knowledge about these alleged failures. See Exh. A, ¶ 11-13. Further, plaintiffs neither allege nor offer a speck of evidence that Hawkes and Marshall ever even had a discussion about the plaintiffs, much less a "meeting of the minds" as to how to go about depriving the plaintiffs of any rights afforded to them by the Fourteenth Amendment.

Rather, the plaintiffs merely set forth separate distinct claims against the two defendants and claim that each defendants' conduct amounted to "joint action." There simply are no facts alleged to support this baseless conclusion.

In addition to their complete failure even to set forth the necessary *allegations*, the plaintiffs can offer no *evidence* that would establish a "preconceived plan" or "meeting of the

---

[2] Of course, even this conclusion could be based only upon the plaintiffs' mere conclusory

minds" between Marshall and Hawkes.  Indeed, the only evidence is to the contrary.  Both Marshall and Hawkes have testified by sworn affidavit that they did not conspire together or form a preconceived plan to deprive plaintiffs of their rights.  See Exh. A.  Also see Affidavit of Albert Hawkes, annexed to Defendant Hawke's  Memorandum in Support of Summary Judgment.   Plaintiffs' mere speculation to the contrary is not sufficient to defeat summary judgment.  Without evidence to prove the existence of each element of their claim, plaintiffs' claim must fail.  *Equimark Commercial Finance*, *supra*, at 144.

Plaintiffs' complete inability to prove that Marshall conspired with Hawkes is fatal to their Section 1983 claim against Marshall.   The failure to satisfy the first element of that claim, that Marshall acted pursuant to color of law, compels a finding of summary judgment in favor of Marshall.

Moreover, even if the plaintiffs could prove that Marshall and Hawkes conspired to deprive them of their equal protection rights, plaintiffs are still wholly unable to prove that those equal protection rights were infringed.   This failure provides a second, independent basis upon which plaintiffs' Section 1983 claim fails.

To prove that the defendants infringed upon their Fourteenth Amendment equal protection rights, the plaintiffs must prove that they were the subject of invidious discrimination

---

allegations as plaintiff has offered no proof in support of those claims.

8

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
telephone (203) 787-0275   facsimile (203) 782-0278

W:\18500-18999\18571 J. Marshall\001 Civil Rights HFK\Memo in support of sum jdgmt.doc

and are members of a protected class, or that they were treated differently under the law than others similarly situated.[3] *LeClair v. Saunders*, 622 F.2d 606, 611 (2d Cir. 1980). The plaintiffs make no claim that they are members of a protected class. Thus, they must prove that they were treated differently than others similarly situated.

The United Supreme Court's holding in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) governs the plaintiffs' claim. In *Olech*, the Court held that an equal protection claim may be "brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id*. at 564. Thus, plaintiffs in the case at bar must prove that they were intentionally treated differently from other, similarly situated citizens and that there was no rational basis for that difference in treatment. The plaintiffs in the case at bar are entirely unable to do so.

As an initial matter, the plaintiffs are unable to identify any other similarly situated citizens of the Town of Clinton. Further, plaintiffs have offered no evidence to support a finding that Officer Hawkes provided them with a different standard of police protection than that afforded by him to other residents of Clinton. Officer Hawkes' affidavit makes clear that he treated the Demurias and Marshall as he would any other residents of Clinton. See Hawke's Aff.

---

[3] The Court need reach this argument only if it finds that the plaintiffs prove the existence of a genuine issue of material fact with respect to the existence of a conspiracy between Marshall and Hawkes.

9

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\MEMO IN SUPPORT OF SUM JDGMT.DOC

¶ 23.  His affidavit additionally demonstrates that his conduct was nether "irrational" nor "wholly arbitrary."  Rather, at all times he acted in accordance with state law and pursuant to his duties as a police officer.  See *id*.

Moreover, even viewing the plaintiffs' allegations most favorably to them, and assuming those allegations could be proven, at most Hawkes' conduct was motivated by his desire to protect Marshall, rather than by an intention to discriminate against the plaintiffs.[4]  Thus, any failure on the part of Hawkes was not "because of" some animosity toward the plaintiffs, but rather "in spite" of any adverse effects his actions would have upon the plaintiffs.  Plaintiffs have wholly failed to prove any discriminatory or malicious intent on the part of Officer Hawkes.

There are no genuine issues of material fact with respect to the plaintiffs' equal protection claim.  Plaintiffs cannot prove that Marshall and Hawkes conspired together to deprive them of a constitutional right, nor can they prove, under *Olech*, that their rights were violated.  Accordingly, based on the foregoing, summary judgment should be entered in favor of Marshall on the plaintiffs' equal protection claim.

B.  Marshall Is Entitled To Summary Judgment On Plaintiffs' State Law Claim

The plaintiffs claim that Marshall's conduct was "extreme and outrageous" and that she intentionally caused them to suffer emotional distress.  (Compl., para 33).  Because the plaintiffs

---

[4] Clearly, however, those allegations are completely contradicted by the evidence.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

10

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\MEMO IN SUPPORT OF SUM JDGMT.DOC

failed to prove that Marshall and Hawkes conspired against them, or that they were denied equal protection of the laws, summary judgment should enter in Marshall's favor on this claim.

Even if this Court were to find that plaintiffs' equal protection claim withstands summary judgment, however, judgment still should enter in Marshall's favor on the plaintiffs' emotional distress claim as plaintiffs cannot prove the essential elements of this state law tort claim.

Four elements must be established to prevail on a claim of intentional infliction of emotional distress. *Petyan v. Ellis*, 200 Conn. 243 (1986). The plaintiff is required to show: (1) that the actor intended to inflict emotional distress or that he knew or should have known that such distress would result; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. *Id.* at 253. Liability is found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Stepney v. Devereux Foundation*, 1995 WL 656816 (J.D. of Litchfield Oct. 31 1995)(attached)(quoting *Whelan v. Whelan*, 41 Conn. Supp. 519, 522 91991). *See also* Restatement (Second) Torts § 46, comment d.

The plaintiffs must show more than the intentional nature of the action. They sustain the additional burden of proving that the defendant intended the resulting distress. *Whelan*, 41

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

11

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\MEMO IN SUPPORT OF SUM JDGMT.DOC

Conn. Supp. at 522. Whether the alleged actions rise to the level of extreme and outrageous conduct is a question for the court. *Mellally v. Eastman Kodak Co.*, 42 Conn. Supp. 17, 20 (1991). Only where reasonable minds can differ does it become an issue for the jury. *Id*.

Conduct is not extreme and outrageous for purposes of an emotional distress claim unless it transcends "all possible bounds of human decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Whelan*, 41 Conn. Supp. at 522.

> The rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. The requirements of the rule are rigorous and difficult to satisfy . . . .

Prosser and Keaton, The Law of Torts, 5th Ed., Section 12, p. 56. See *Stepney*, 1995 WL 656816 (abusive language directed at employee by employer is insufficient to sustain a cause of action for intentional infliction of emotional distress). But cf. *Whelan*, 41 Conn. Supp. 519 (wife's claim of emotional distress could stand when based upon spouse's false representation that he tested positive for AIDS).

The conduct alleged by the plaintiffs in the instant case is not conduct that exceeds the bounds of human decency. Even if the plaintiff were able to prove that Marshall committed each of the acts alleged in the complaint, they add up to nothing more than a dispute between

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

12

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\MEMO IN SUPPORT OF SUM JDGMT.DOC

neighbors.  While the alleged conduct, if proven, may have irritated and frustrated the plaintiffs, it cannot fairly be deemed "so severe that no reasonable man could be expected to endure" it. Restatement (Second) Torts § 46, comment j.   Summary judgment should be granted in Marshall's favor, therefore, because the alleged conduct was not extreme and outrageous as defined by the court in *Petyan*.

In addition, plaintiffs cannot prove that as a result of Marshall's alleged conduct, they sustained emotional distress that was severe.  At worst, even if plaintiffs were able to prove their allegations, they were subjected to nothing more than some annoying harassment by a neighbor. The plaintiffs allegations do not satisfy the rigorous and difficult burden of proving that Marshall engaged in conduct that was especially calculated to, and did, cause mental distress of a very serious kind.  Prosser and Keaton, The Law of Torts, 5th Ed., Section 12, p. 56.

Clearly, there are no genuine issues of material fact pertaining to the plaintiffs' intentional infliction of emotional distress claim.   Even if plaintiffs proved their claims, the alleged conduct was not "extreme and outrageous."   Plaintiffs, however, utterly failed to prove those claims as there is no evidence that Marshall and Hawkes conspired against them or deprived them of their right to equal protections. .  Accordingly, summary judgment should enter in Marshall's favor on this claim.

IV.  Conclusion

    The plaintiffs are wholly unable to show that Marshall participated in state action or discriminated against them in any way.  Nor can the plaintiffs prove that Marshall engaged in conduct that was "extreme and outrageous," causing the plaintiffs to suffer severe emotional distress.  Because there are no genuine issues of material fact, summary judgment should enter in favor of Marshall on the plaintiffs' claims.

                              THE DEFENDANT
                              Judith A. Marshall


                              BY: _____
                                  Nicole M. Fournier, Esq.
                                  Lynch, Traub, Keefe & Errante
                                  52 Trumbull Street
                                  P.O. Box 1612
                                  New Haven, CT 06506
                                  (203) 787-0275
                                  Federal Bar No. ct18555

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

14

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\MEMO IN SUPPORT OF SUM JDGMT.DOC

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on March 11, 2004, to all counsel and pro se parties of record as follows:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

Kenneth J. McDonnell, Esq.
Gould, Larson, Bennet, et al.
35 Plains Road – P.O. Box 959
Essex, CT  06426


BY: _____
     Nicole M. Fournier