# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN DeMURIA and | : | |
| MICHAEL DeMURIA | : | DOCKET NO. 3:00CV01591 (AHN) |
| | : | |
| V. | : | |
| | : | |
| ALBERT F. HAWKES and | : | February, 2004 |
| JUDITH A. MARSHALL | : | |

### AFFIDAVIT OF JUDITH MARSHALL

I, JUDITH A. MARSHALL, having been duly sworn, hereby depose and say:

1. I am over the age of 18 years and believe in the sanctity and obligation of an oath.

2. I am making this affidavit of my own personal knowledge.

3. In 1998, I, along with my husband, initiated a lawsuit against Susan and Michael DeMuria, as well as a condominium association known as The Meadows, concerning an issue of run-off surface water onto my property from the DeMuria's property.

4. That lawsuit resulted in a settlement agreement whereby the DeMuria's, through their insurance, paid $3,750.00 to my husband and I. The Meadows paid us approximately $3750.00.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\MARSHALL AFFIDAVIT.DOC

5. Sometime in 1999, I met Officer Albert Hawkes for the first time when he came to my house to question me about a complaint made to the police department by Susan and Michael DeMuria. Officer Hawkes thereupon questioned me about a telephone call that I made to an excavating company.

6. Although I had seen Officer Hawkes in and around the Town of Clinton prior to this time, at no time prior to his arrival at my home had I ever met Officer Hawkes.

7. I advised Officer Hawkes that I telephoned an excavating company and left a message telling them that Susan and Michael DeMuria needed help with their property. To my knowledge, the excavating company took no action as a result of my telephone message.

8. At no time, prior to or since that occasion, have I had any type of personal relationship with Officer Hawkes.

9. At no time did Officer Hawkes and I discuss or form a "plan" to deprive Susan or Michael DeMuria of their constitutional rights.

10. At no time have Officer Hawkes and I formed any type of plan or come to any agreement having anything whatsoever to do with Susan or Michael DeMuria.

11. At no time prior to the initiation of this lawsuit against me was I ever made aware that, as alleged by the plaintiffs, Officer Hawks promised but failed to investigate complaints made by Michael or Susan DeMuria against me.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\MARSHALL AFFIDAVIT.DOC

12.  At no time prior to the initiation of this lawsuit against me was I ever made aware that, as alleged by the plaintiffs, Officer Hawkes attempted to obtain a warrant to arrest me but failed due to the omission of certain information.

13. At no time prior to the initiation of this lawsuit against me was I aware that the plaintiffs had requested a tapping device be placed on their telephone or that Officer Hawkes had any role in advising them how to go about obtaining such a device.

THE FOREGOING STATEMENTS ARE TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_____
Judith A. Marshall

_____
Notary Public

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\MARSHALL AFFIDAVIT.DOC