FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

2004 MAR 15  P 1: 59

U.S. DISTRICT COURT
BRIDGEPORT, CONN

SUSAN DeMURIA and :
MICHAEL DeMURIA :

      Plaintiffs :

:

VS. :      CIVIL NO. 300CV01591 (AHN)

:

ALBERT F. HAWKES and :
JUDITH A. MARSHALL :

      Defendants :      MARCH 12, 2004

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HAWKE'S MOTION FOR SUMMARY JUDGMENT

### I.    FACTS

The plaintiffs, Michael and Susan DeMuria, ("DeMuria") have filed this action

against the defendant Albert F. Hawkes ("Hawkes") and Judith A. Marshall ("Marshall")

under Sections 1983 and 1988 of Title 42 of the United States Code for alleged violation of

their civil rights and state tort law for intentional infliction of emotional distress. During the

time period of April, 1998 through June, 1999, which is the subject of this action, Hawkes

was a police officer in the Town of Clinton police department. (Fact # 1) Marshall was a

private citizen who, with her husband Robert, lived next door to the DeMurias. (Fact # 2)

The DeMurias and the Marshalls were involved in a prior state civil action that arose

out their dispute over surface water run-off. (Fact # 5) The DeMurias complain that they

felt harassed by Marshall while litigating the prior state court action. (Compl. ¶ 8). The

1

DeMurias also complain that Officer Hawkes "promised [the plaintiffs] that he would promptly apply for a warrant to arrest defendant Marshall [but he] did not do so." (Compl. ¶ 24).

The plaintiffs claim that "[t]he defendant, Hawkes, denied the plaintiffs equal protection of the laws and joined with the defendant, Marshall, in facilitating, permitting and encouraging her harassment of the plaintiffs, thereby depriving the plaintiffs of substantive due process of law." (Compl. ¶ 1) The plaintiffs allege that Marshall "initiated a pattern and practice of unlawful harassment directed against the plaintiffs." (Compl. ¶ 8). The allegations against Hawkes are that he "promised to investigate it but did not do so" (Compl. ¶ 11) and that he would "promptly apply for a warrant to arrest defendant Marshall". (Compl. ¶ 24).

It is only one act of harassment for which the plaintiffs allege Marshall should have been arrested. That one act of harassment is described as Marshall's attempt to have an excavating company dig up the plaintiffs' back yard. (Compl. ¶¶ 21-30) The plaintiffs allege that after Marshall arranged by telephone to have an excavating company schedule work on the plaintiffs' yard, it was Hawkes "who established to a certainty that Marshall had made the telephone call to Testori Excavating Company." (Compl. ¶ 23).

Although nothing happened to the DeMuria's and their yard was not excavated, Hawkes filed an application for a warrant to arrest Marshall on a harassment charge because of the telephone call she made to the excavation company. (Fact #'s 15 & 16) The application was rejected by the Assistant State's Attorney with a note indicating: "As of now,

insufficient evid. to prosecute." (Fact # 19) Later, the Assistant State's Attorney explained in a letter to Hawkes, after prompting by the DeMuria's, that all that was needed for probable cause was to add the fact that Judith Marshall was married to her husband Robert and that both Marshalls were parties to the lawsuit filed against the DeMuria's. (Fact # 21)  Hawkes amended the application for a warrant and Judith Marshall was arrested. (Fact # 22) There is no evidence that Marshall and Hawkes were friends. (Fact # 17)

It is undisputed that the plaintiffs had disputes with other neighbors and not just the Marshalls. (Fact #'s  3, 7, 8, 9 & 10) It also is undisputed that the plaintiffs made a number of complaints or reports to other Clinton police officers. (Fact #'s 3, 7, 8, 9 & 10) It also is undisputed that in all of the complaints or reports to the Clinton police department, except the one "excavation telephone call", the plaintiffs never offered any evidence or proof that a particular person had committed a crime against them. (Fact #'s 3, 7, 8, 9 & 10)  When the plaintiffs reported to a Clinton police officer that they felt threatened by the Marshalls because of guns that the Marshalls owned and said they might use on the plaintiffs, the plaintiffs specifically requested that the police not do anything other than "note" their report. (Fact # 4)

There is no evidence that Hawkes committed any acts of harassment.  There is no evidence that Marshall could have been arrested for anything other than the "excavation telephone call".  There is no evidence that Hawkes had probable cause to arrest anyone for anything else that they plaintiffs claim happened.  There simply is no evidence that the plaintiffs were treated any differently than any other person in Clinton.  The evidence is clear

3

that the plaintiffs are people who could not get along with their neighbors.

## II. PROCEDURAL HISTORY

On March 25, 2002 this Court dismissed the plaintiffs' federal constitutional claims of equal protection and substantive due process and dismissed without prejudice the plaintiffs' pendent state law claims for intentional infliction of emotional distress. The plaintiffs appealed. On May 13, 2003, the United States Court of Appeals for the Second Circuit affirmed this Court's dismissal of the substantive due process claim but vacated the dismissal of the equal protection claim. The defendants now move for summary judgment on the remaining claims of the plaintiffs.

## III. ARGUMENT

### A. THE SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c). As a "general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." Tomka v. Seiler, 66 F.3d 1295, 1304 (2d Cir. 1995). "[T]he mere existence of **some** alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there would be no **genuine** issue of **material** fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). The party opposing a motion for summary judgment "may not rest upon the mere allegations

4

or denials of his pleading, but . . . must set forth specific facts that there is a genuine issue for

trial." <u>Id</u>. at 256.

**B.    THE PLAINTIFFS' EQUAL PROTECTION CLAIM MUST BE DISMISSED BECAUSE THE PLAINTIFFS CANNOT PROVE THAT OTHERS SIMILARLY SITUATED WERE TREATED DIFFERENTLY**

The Second Circuit opinion in this case provides:

> As recognized by the district court, the DeMurias' equal protection claim is governed by the Supreme Court's holding in Village of <u>Willowbrook v. Olech</u>, 528 U.S. 562 (2000) (per curiam). There, the Court held that a successful equal protection claim may be 'brought by a class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.' Id. at 564. . .
>
> First, the <u>Olech</u> opinion does not establish a requirement that a plaintiff identify in her complaint actual instances where others have been treated differently for the purposes of equal protection. . . . Here, the DeMurias made a general allegation that Hawkes gave them a different standard of police protection than that typically afforded a resident of Clinton. The facts they allege in their complaint support the conclusion that Hawkes' conduct was in violation of his duty as an officer of the Clinton police department. We find these allegations sufficient, albeit barely, to meet the minimal level established by <u>Olech</u> for "class of one" equal protection claims at the pleading stage. . .
>
> Second, <u>Olech</u>'s general allegation that the Village's conduct was 'irrational and wholly arbitrary' was found by the Court to be adequate for pleading purposes. Here, the DeMurias alleged that Hawkes acted maliciously and arbitrarily because they were involved in a dispute with his friend. . . We find that, at this earliest stage of the

5

> proceedings, these allegations are sufficient to allow
> the DeMurias to proceed with their equal protection
> claim. As counsel recognized at oral argument, they
> face a significant hurdle in finding evidence to
> prove their allegations of selective enforcement and
> unequal treatment. Such concerns, however, should
> not defeat their claim at the pleading stage.

DeMuria v. Hawkes, et al ___ F.3d 2693, 2697-2700 (2nd Cir. 2003)

There is no evidence in this case that Hawkes and Marshall were involved in a conspiracy to harass the plaintiffs or that Hawkes treated the plaintiffs differently from other citizens in Clinton. Although Hawkes was not able to obtain an arrest warrant for Marshall on his first attempt, he did eventually obtain an arrest warrant and Marshall was arrested. There is no evidence that there was probable cause to arrest Marshall, or anyone, for any of the other incidents of harassment for which the plaintiffs complain. Indeed, the plaintiffs do not allege that there was probable cause to arrest Marshall for any of those other acts nor do the plaintiffs allege that they could prove that she was involved. There is no evidence to demonstrate that there is a genuine question of material fact for trial There is no evidence that Hawkes violated the plaintiffs' right to equal protection.

## C.   HAWKES IS ENTITLED TO SUMMARY JUDGMENT ON THE PLAINTIFFS' STATE LAW CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The plaintiffs have failed to state a cause of action for intentional infliction of emotional distress. "For the plaintiff to prevail on a claim of intentional infliction of emotional distress, four elements must be established. 'It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely

6

result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986).' " (Internal quotation marks omitted.) Muniz v. Kravis, 59 Conn. App. 704, 708 (2000). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 712, 746 A.2d 184, cert. denied, 252 Conn. 954, 749 A.2d 1202 (2000). Whether the alleged actions rise to the level of extreme and outrageous conduct is a question of law first for the court and only when reasonable minds could differ would it become an issue of fact for the jury. Mellally v. Eastman Kodak Co., 42 Conn. Supp. 17, 20 (1991)

There is no question that Hawkes' conduct was not "extreme and outrageous" as a matter of law. There is no evidence that the plaintiffs suffered "severe" emotional distress as a result of Hawkes' conduct. Judgment should enter in favor of Hawkes on the claim of intentional infliction of emotional distress.

## IV.    CONCLUSION

For all the foregoing reasons, summary judgment should enter in favor of the defendant Hawkes on all remaining claims not previously dismissed by this Court.

7

THE DEFENDANT, ALBERT F. HAWKES


Kenneth J. McDonnell
Gould, Larson, Bennet, Wells & McDonnell, P.C.
35 Plains Road P.O. Box 959
Essex, CT 06426
Tel. (860) 767-9055
Fed. Juris No. ct 06555


## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record on this 12th day of March, 2004:

Attorney John R. Williams
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 064510
Fed. Juris No. ct00215

Attorney Nicole Fournier
Lynch, Traub, Keefe and Errante, P.C.
P.O. Box 1612
New Haven, CT 06506-1612


Kenneth J. McDonnell

8