United States District Court
District of Connecticut
FILED AT          BRIDGEPORT
3/15/04
Kevin F. Rowe, Clerk
By D. Carter
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN DeMURIA and<br>MICHAEL DeMURIA<br><br>Plaintiffs<br><br>VS.<br><br>ALBERT F. HAWKES and<br>JUDITH A. MARSHALL<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: CIVIL NO. 300CV01591 (AHN)<br>:<br>:<br>:<br>:<br>: MARCH 12, 2004 |

### MATERIAL FACTS NOT IN DISPUTE–LOCAL RULE 56(a)(1)

For the purposes of this motion for summary judgment, the Defendant, ALBERT F. HAWKES submits that there is no genuine issue to be tried with respect to the following material facts:

1. At all times material hereto, Albert Hawkes (Hawkes) was a police officer for the Town of Clinton, CT. (Compl. ¶ 4 and Hawkes affid. ¶ 1)

2. At all times material hereto, the defendant Judith Marshall and the plaintiffs were next door neighbors on College Street in Clinton.(Hawkes affid. ¶ 2)

3. On April 17, 1998, which was prior to Hawkes' first contact with DeMuria, DeMuria had complained to a Clinton police officer that a neighbor, James Scofield, had trespassed and taken pictures of a catch basin that DeMuria had recently had constructed on DeMuria's property. No arrest was made. (Hawkes affid. ¶ 5)

4. On April 22, 1998, which also was prior to Hawkes' first contact with DeMuria,

1

DeMuria reported to a Clinton police officer that his neighbors, the Marshalls, has guns and "may" use them against DeMuria. DeMuria was encouraged by that police officer to make a complaint but DeMuria refused and indicated that he just wanted it "noted". (Compl. ¶ 9 and Hawkes affid. ¶ 6 )

6. In April, 1998, civil litigation had been commenced against DeMuria by Marshall over surface water runoff allegedly caused by actions of DeMuria. (Compl. ¶ 8 )

7. The first time Hawkes ever had contact with the plaintiffs was September 11, 1998 when a telephone call by the plaintiff Michael DeMuria to the Clinton Police was answered by Hawkes. (Compl. ¶ 10 and Hawkes affid. ¶ 3)

4. In that telephone call DeMuria reported to Hawkes that some unknown person had contacted the Connecticut Water Company to request that DeMuria's water be shut off and DeMuria suspected that one of DeMuria's neighbors had something to do with it. DeMuria's water was not shut off. There was no probable cause to arrest anyone. (Compl.¶ 10; Hawkes affid. ¶ 4).

7. On October 6, 1998, Michael DeMuria made a complaint to another Clinton police officer about noise but when the area was checked all was quiet. (Hawkes Affid. ¶ 7; )

8. On October 9, 1998 Michael DeMuria reported to another Clinton police officer that he had received an anonymous letter in the mail that read: " Dear Mike, The other day was great. Let's get together and do it again. Call me. Love Nan." There was no probable cause to arrest anyone. (Compl. ¶ 14; Hawkes Affid.¶ 8)

9. On October 18, 1998 Michael DeMuria reported to another Clinton police office

that when he came home from vacation he noticed that a small pine tree planted behind his mail box had been stolen. There was no probable cause to arrest anyone. (Hawkes Affid.¶ 9)

10. On or about November, 1998 Hawkes offered to the plaintiffs that they were welcome to ask for him should they have further complaints or disputes with their neighbors. (Compl. ¶ 12 and Hawkes affid. ¶ 10)

11. On December 15, 1998 Michael DeMuria reported to Hawkes for the first time that he was receiving harassing telephone calls. Hawkes advised DeMuria to contact the telephone company to have a monitoring device installed. For over two months Hawkes did not receive another complaint from DeMuria about harassing telephone calls and there was no probable cause to arrest anyone. (Compl. ¶ 16 and Hawkes affid. ¶ 11 )

12. Hawkes never advised anyone, including the defendant Marshall, that DeMuria was intending to install a monitoring device on his telephone. ( Hawkes Affid.¶ 12)

13. On January 13, 1999 Michael DeMuria reported to Hawkes that DeMuria had just learned that an unknown person had tried to stop his garbage pick-up service months earlier. There was no probable cause to arrest anyone. (Comp.¶ 20; Hawkes Affid. ¶ 13)

14. On January 25, 1999 Michael DeMuria reported to Hawkes that an unidentified female had called Testori Excavators and requested that the DeMuria backyard be excavated but the work was not performed. (Compl.¶ 21; Hawkes Affid. ¶ 14 )

15. Hawkes then began an investigation that culminated in his application for a warrant to arrest the defendant Marshall on March 9, 1999. (Compl. ¶ 23 and Hawkes affid. ¶ 15 )

3

16. Hawkes met the defendant Marshall for the first time on January 29, 1999 during the course of his investigation. At no time prior or since that first meeting have Marshall or Hawkes had any personal or social relationship. (Hawkes affid. ¶ 16)

17. On March 9, 1999 the plaintiff Susan DeMuria reported to Hawkes that harrassing telephone calls had started again and Hawkes advised DeMuria that she should try using the procedure " star 57" or "star 69" to attempt to determine the identity of the callers. In that conversation DeMuria also reported that an adult magazine had been delivered to her home addressed to her 3 year old son. There was no probable cause to arrest anyone regarding this information.(Compl. ¶ 31 and Hawkes affid. ¶ 18)

18. On March 22, 1999 Hawkes' application for an arrest warrant for Marshall was rejected by the Assistant State's Attorney Michael R. Dannehy with a note that reads: "establish a connection between accused and complainant. As of now, insufficient evid. to prosecute. MRD 3-22". (Compl. ¶ 26 and Hawkes affid. ¶ 19)

19. Hawkes did not understand what connection was missing in his application for an arrest warrant since the application showed that Marshall had an ongoing dispute with DeMuria over surface water runoff, so he closed his file and so advised DeMuria. (Compl. ¶ 28 and Hawkes affid. ¶ 20)

20. On July 23, 1999 the A.S.A. Dannehy wrote to Hawkes inquiring as to the status of the Marshall investigation and directing Hawkes to submit a revised application for an arrest warrant and include the information that "Judy Marshall is a party to a lawsuit with the complainant and that she is married to Robert Marshall." (Compl. ¶ 27 and Hawkes affid. ¶

4

21)

21. On August 11, 1999 Hawkes did submit a revised application which was approved by the A.S.A. Dannehy and an arrest warrant for Marshall was signed by a judge. (Hawkes affid. ¶ 22)

22. On August 24, 1999, Marshall was arrested on one count of harassment under C.G.S.§53a-183. (Hawkes affid. ¶ 23 )

THE DEFENDANT, ALBERT F. HAWKES

Kenneth J. McDonnell
Gould, Larson, Bennet, Wells & McDonnell, P.C.
35 Plains Road P.O. Box 959
Essex, CT 06426
Tel. (860) 767-9055
Fed. Juris No. ct 06555

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record on this 12th day of March, 2004:

Attorney John R. Williams
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 064510
Fed. Juris No. ct00215

Attorney Nicole Fournier
Lynch, Traub, Keefe and Errante, P.C.
P.O. Box 1612
New Haven, CT 06506-1612

Kenneth J. McDonnell

5