UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAR 15 P 1: 58
U.S. DISTRICT COURT
BRIDGEPORT, CONN

SUSAN DeMURIA and
MICHAEL DeMURIA

    Plaintiffs

VS.

ALBERT F. HAWKES and
JUDITH A. MARSHALL

    Defendants

CIVIL NO. 300CV01591 (AHN)

MARCH 12, 2004

## AFFIDAVIT OF THE DEFENDANT ALBERT F. HAWKES

I, ALBERT F. HAWKES, being over the age of 18 years and believing in the obligation of an oath, and being under no legal disability, hereby depose and state the following based upon my own personal knowledge and my review of records kept by the Town of Clinton police department:

1. At all times material to this action I was a police officer for the Town of Clinton, CT.

2. At all times material to this action, the defendant Judith Marshall and the plaintiffs were next door neighbors on College Street in Clinton.

3. The first time I ever had contact with the plaintiffs was September 11, 1998 when a telephone call by the plaintiff Michael DeMuria to the police department was answered by me.

4. In that telephone call DeMuria reported to me that some unknown person had

1

contacted the Connecticut Water Company to request that DeMuria's water be shut off. DeMuria suspected that one of his neighbors had something to do with it. DeMuria's water was not shut off. There was no probable cause to arrest anyone. A copy of my incident report is attached as Exhibit D.

5. On April 17, 1998, which was prior to my first contact with DeMuria, he had complained to a different Clinton police officer that a neighbor, James Scofield, had trespassed and taken pictures of a catch basin that DeMuria had recently had constructed on DeMuria's property. No arrest was made. A copy of the incident report is attached as Exhibit A.

6. On April 22, 1998 Michael DeMuria reported to another police officer about an ongoing dispute with his neighbors, the Marshalls, and that Marshall stated he has guns and "may" use them against him. DeMuria requested that the police not contact Marshall and was insistent that he only wanted his report "noted". A copy of that incident report is attached as Exhibit B.

7. On October 6, 1998, Michael DeMuria made a complaint to another Clinton police officer about noise but when the area was checked all was quiet. A copy of that incident report is attached as Exhibit C.

8. On October 9, 1998 Michael DeMuria reported to another Clinton police officer that he had received an anonymous letter in the mail that read: " Dear Mike, The other day was great. Let's get together and do it again. Call me. Love Nan." There was no probable cause to arrest anyone. A copy of that incident report is attached as Exhibit E.

9. On October 18, 1998 Michael DeMuria reported to another Clinton police office that when he came home from vacation he noticed that a small pine tree planted behind his mail box had been stolen. There was no probable cause to arrest anyone. A copy of that incident report along with letters from other neighbors in response thereto are attached as Exhibit F.

10. On or about November, 1998 I offered to the plaintiffs that they were welcome to ask for me should they have further complaints or disputes with their neighbors.

11. On December 15, 1998 Michael DeMuria reported to me for the first time that he was receiving harassing telephone calls. I advised DeMuria to contact the telephone company to have a monitoring device installed. For over two months I did not receive another complaint from DeMuria about harassing telephone calls and there was no probable cause to arrest anyone. A copy of my incident report is attached as Exhibit G.

12. I never advised anyone, including the defendant Marshall, that DeMuria was intending to install a monitoring device on his telephone.

13. On January 13, 1999 Michael DeMuria reported to me that he had just learned that an unknown person had tried to stop his garbage pick-up service months earlier. The service was not stopped. There was no probable cause to arrest anyone. A copy of that incident report is attached as Exhibit H.

14. On January 25, 1999 Michael DeMuria reported to me that an unidentified female had called Testori Excavators and requested that the DeMuria backyard be excavated but the work was not performed.

15. I was told that Testori could identify the telephone number of the person who had called about the DeMuria property so I began a criminal investigation.

16. I met the defendant Marshall for the first time on January 29, 1999 during the course of my investigation. At no time prior to or since that first meeting have I had any personal or social relationship with the defendant Judith Marshall.

17. I completed my investigation and applied for an arrest warrant for Judith Marshall on March 9, 1998. A copy of that application is attached hereto as Exhibit I.

18. On March 9, 1999 when I informed the plaintiff Susan DeMuria that I had submitted an application for an arrest warrant for Marshall, DeMuria reported to me that harassing telephone calls had started again recently. I advised DeMuria that she should try using the procedure known as "star 69" or "star 57" to attempt to determine the identity of the callers. In that conversation DeMuria also reported that an adult magazine had been delivered to her home addressed to her 3 year old son. There was no probable cause to arrest anyone regarding this information. A copy of my telephone message notes are attached as Exhibit J. See also notes I made on Exhibit G.

19. On March 22, 1999 my application for an arrest warrant for Marshall was rejected by the Assistant State's Attorney Michael R. Dannehy with a note that read: "establish a connection between accused and complainant. As of now, insufficient evid. to prosecute. MRD 3-22". A copy of that note is attached hereto as Exhibit K.

20. Personally I did not understand what was missing in my application for an arrest warrant because the application did show that Marshall had an ongoing dispute with DeMuria

4

over surface water runoff. I closed my file and I so advised DeMuria.

21. On July 23, 1999 the A.S.A. Dannehy wrote to me inquiring as to the status of the Marshall investigation and directing me to submit a revised application for an arrest warrant and to include the information that "Judy Marshall is a party to a lawsuit with the complainant and that she is married to Robert Marshall." A copy of that letter is attached hereto and marked Exhibit L.

22. On August 11, 1999 I did submit a revised application which was approved by the A.S.A. Dannehy and an arrest warrant for Marshall was approved and signed by a judge. A copy of the revised application is attached hereto and marked Exhibit M.

23. Pursuant to the warrant, Marshall was arrested on August 24, 1999 and charged with one count of harassment under C.G.S. §53a-183.

24. In my investigation of the DeMuria complaints and in my application for the arrest of Judith Marshall I acted no differently than I normally would under the same circumstances. I always attempt to first mediate disputes between neighbors, particularly when there is no violence or property damage involved. I apply for arrest warrants only when I believe there is probable cause to arrest and that an arrest is in the best interests of the community and the alleged victim.

_Albert F. Hawkes_
Albert F. Hawkes

SUBSCRIBED AND SWORN TO, before me, this 11th day of March, 2004.

Kenneth J. McDonnell
Commissioner of the Superior Court