FILED

2004 APR -8  P 2: 13

UNITED STATES DISTRICT COURT
BRIDGEPORT, CONN

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN DeMURIA and<br>MICHAEL DeMURIA | DOCKET NO. 3:00CV01591 (AHN) |
| V. | |
| ALBERT F. HAWKES and<br>JUDITH A. MARSHALL | April 7, 2004 |

**DEFENDANT JUDITH MARSHALL'S REPLY MEMORANDUM
TO PLAINTIFFS' CONSOLIDATED BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 7(d) of the Local Rules of Civil Procedure, the defendant, Judith A. Marshall, respectfully submits this memorandum in reply to the Plaintiffs' Consolidated Brief In Opposition To Defendants' Motion for Summary Judgment (hereinafter "Opposition).

1.  Opportunity to Conduct Discovery

Plaintiffs assert in their Opposition that the Defendants' motions should be denied because Plaintiffs have not had an opportunity to conduct discovery in this matter. (Pls.' Opp., p. 2) This assertion is wholly disingenuous and should be

disregarded. Despite the fact that this case has been pending for nearly four years, Plaintiffs' counsel has not once requested an opportunity to conduct discovery.[1] Plaintiffs' own failure to request such an opportunity cannot now be used to defeat Defendants' motions.

2. Equal Protection Claim

The plaintiffs' Opposition consists of twenty nine (29) pages. Less than one of those pages addresses Defendant Marshall's motion for summary judgment on the claim of equal protection lodged against her. Indeed, Plaintiffs claim only that, "[a]s to defendant Marshall's claim that there is no proof she acted jointly with defendant Hawkes, the evidence before this court is far more substantial than that which the Supreme Court deemed sufficient to prove exactly the same thing in Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)." (Pls.' Opposition, pp. 17-18) The remainder of this brief argument discusses the facts of the Adickes case. Nowhere do the plaintiffs point to the supposed "evidence" which is "far more substantial" than that which was presented in Adickes.

---

[1] It should also be noted that counsel for this defendant has numerous cases with plaintiffs' counsel's office and discovery is rarely, if ever, conducted by plaintiffs' counsel in those cases.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\REPLY TO OPP TO MSJ.DOC

Further, Plaintiffs completely and utterly fail to address even one of the elements they are required to prove in order to succeed on their equal protection claim; namely, that Marshall acted under color of state law; that Marshall intentionally committed acts that deprived plaintiffs of a right secured by the Fourteenth Amendment to the United States Constitution; and that Marshall's conduct was the proximate cause of injuries suffered by the plaintiffs.

Nor do the documents annexed to the plaintiffs' Opposition assist Plaintiffs in opposing summary judgment on the equal protection claim. None of those documents, including the affidavit of Plaintiff, Michael DeMuria, even address, never mind prove, that there was a "meeting of the minds" or a "preconceived plan" between the defendants. Without such proof, Plaintiffs cannot establish that Marshall and Hawkes acted in concert nor, therefore, that Marshall was a state actor for purposes of Plaintiffs' equal protection claim. For this reason alone, Marshall is entitled to summary judgment.

Marshall is further entitled to summary judgment as the wholly speculative assertion in Michael DeMuria's affidavit that no other citizen in the Town of Clinton was "deprived of police protection" is not sufficient proof that Plaintiffs were a class of one, treated differently than other citizens of the Town of Clinton, as required under Olech. (Affidavit of M. DeMuria, p. 9, ¶ 32) Accordingly, for the reasons set forth in Defendant

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\REPLY TO OPP TO MSJ.DOC

Marshall's memorandum of law, she is entitled to summary judgment on the equal protection claim.

### 3. Intentional Infliction of Emotional Distress (IIED)

Unlike the mere passing reference Plaintiffs make to Defendant Marshall's argument on the equal protection claim, Plaintiffs devote more than ten pages to opposing Marshall's motion for summary judgment on the claim of IIED. (Pls.' Opp, pp. 18-29) Admittedly, Plaintiffs have provided a litany of cases and citations of cases involving claims of IIED. Plaintiffs fail to show, however, the application of those cases to the facts of this case. In fact, the simple neighbor dispute in the instant case is nothing like the cases cited by Plaintiffs.

As explained in Defendant Marshall's opening memorandum, moreover, Plaintiffs' claim of IIED must necessarily fail if Plaintiffs fail to prove that Marshall acted jointly and in concert with Officer Hawkes to deprive Plaintiffs of their right to equal protection, as there would be proof of no outrageous conduct.[2]

Finally, Plaintiffs have offered no evidence to support Michael DeMuria's unfounded, conclusory assertion in his affidavit that through Defendant Marshall's

---

[2] Even if Plaintiffs succeeded in proving their equal protection claim, the conduct alleged does not rise to the level of "extreme and outrageous" as required under Petyan.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\REPLY TO OPP TO MSJ.DOC

alleged conduct, he and his wife were caused "a great deal of emotional suffering." (Affidavit of M. DeMuria, p. 9, ¶ 31).

### 4. Conclusion

Based on the foregoing reasons and the reasons set forth in the Defendant's opening memorandum. Defendant Marshall respectfully submits that she is entitled to summary judgment on the Plaintiffs' claims.

THE DEFENDANT
Judith A. Marshall

BY: _____
Nicole M. Fournier, Esq.
Lynch, Traub, Keefe & Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506
(203) 787-0275
Federal Bar No. ct18555

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\REPLY TO OPP TO MSJ.DOC

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on April 7 2004, to all counsel and pro se parties of record as follows:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

Kenneth J. McDonnell, Esq.
Gould, Larson, Bennet, et al.
35 Plains Road – P.O. Box 959
Essex, CT 06426

BY: _____
Nicole M. Fournier

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\18500-18999\18571 J. MARSHALL\001 CIVIL RIGHTS HFK\REPLY TO OPP TO MSJ.DOC